1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES V. CAICO,

11            Plaintiff,                    No. CIV S-02-1608 MCE GGH P

12        vs.

13   D. L. RUNNELS, et al.,

14            Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is the motion to dismiss pursuant to Fed. R .Civ. P.

18   12(b) for failure to exhaust administrative remedies filed June 3, 2005, on behalf of defendants

19   Johnson and Taylor-Thomas.  On June 29, 2005, plaintiff filed an opposition.  After carefully

20   considering the record, the court recommends that defendants' motion be granted.

21            On January 24, 2005, the court granted and denied in part the February 24, 2004,

22   motion to dismiss for failure to exhaust administrative remedies filed on behalf of defendants

23   Runnels, Roche, Baron, Bates, Hurdle, Uribe, Alston, Carey, Henon-lee, Sandy, Bevan, McClain,

24   Wagner, Greenough, Tan, Henry Schwanke, Bortolamedi, Cribbs, Hirai, Robinson, Wilber and

25   Mitzel.  In particular, the court denied the motion to dismiss as to the claims against defendants

26   Roche and Baron for failing grant plaintiff's request for a medical transfer.  The court granted

1

1   defendants' motion in all other respects.

2          On April 8, 2005, the court granted the motion to dismiss for failure to exhaust

3   administrative remedies filed on behalf of defendants Mericle and King.  Service as to defendants

4   Watson, Gaulden and Lun is not complete.

5          This action is proceeding on the complaint filed October 2, 2002.  Plaintiff alleges

6   that he is 69 years old with several serious medical problems including heart disease, back pain,

7   thyroid problems, swollen prostate, hernia and arthritis.  He alleges that he has been denied

8   adequate medical care.

9          Defendant Correctional Officer Taylor-Thomas is located at High Desert State

10  Prison (HDSP).  Plaintiff alleges that in January 2002, defendant Taylor-Thomas searched

11  plaintiff's property upon his arrival at HDSP.  Complaint, p. 11.  Defendant Taylor-Thomas took

12  plaintiff's medication packet containing plaintiff's heart and pain medication.  Id.  Plaintiff

13  alleges that he was without his medication for 17 days and that defendant Taylor-Thomas refused

14  to return the medication.  Id.

15         Defendant Johnson is located at California State Prison-Solano (CSP-Solano).

16  Complaint, p. 15.  Plaintiff alleges that on September 28, 2000, defendant Johnson refused to

17  release plaintiff so that he could pick up his heart medication.  Id.  When plaintiff was able to

18  pick up his medication, defendant Johnson charged plaintiff with refusing to work.  Id.

19         In his opposition to the pending motion, plaintiff also claims that he is alleging

20  that defendant Johnson harassed him on a daily basis.  Opposition, p. 6.  Plaintiff alleges that this

21  harassment threatened his life.  Id.  Plaintiff may not amend his complaint by way of an

22  opposition to a motion to dismiss for failure to exhaust administrative remedies.  Accordingly,

23  the court will not consider these new claims in evaluating the pending motion.

24         42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to

25  prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

26  any jail, prison, or other correctional facility until such administrative remedies as are available

2

1  are exhausted."  In order for California prisoners to exhaust administrative remedies, they must

2  proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a

3  CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and

4  4) third level appeal to the Director of the California Department of Corrections.  Barry v.

5  Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A

6  final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at

7  1237-38.

8          In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates

9  must exhaust administrative remedies, regardless of the relief offered through administrative

10  procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely

11  exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be

12  brought with respect to prison conditions *until* such administrative remedies as are available are

13  exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

14          In the motion to dismiss, defendants state that they located five grievances that are

15  pertinent to this case.  These grievances are attached to defendants' motion as exhibits A-E.

16  These are the same five grievances submitted by defendants in support of the motion to dismiss

17  filed February 20, 2004.  In the November 23, 2004, findings and recommendations addressing

18  defendants' February 20, 2004, motion to dismiss, this court observed that defendants did not

19  submit a declaration by a Litigation Coordinator stating that after searching plaintiff's files they

20  determined that these were the only relevant grievances filed by plaintiff.  Defendants did not

21  submit such a declaration in support of the instant motion.

22          The failure to submit a declaration stating that these were the only relevant

23  grievances filed by plaintiff could have been a critical issue had plaintiff argued in his opposition

24  that there were additional grievances related to the issues addressed in the pending motion.

25  However, in his opposition, plaintiff only argues that these appeals should not be considered

26  because they were not attached to the complaint.  Plaintiff apparently mistakenly believes that

3

1   defendants' motion is brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim

2   pursuant to which documents outside the complaint may not be considered by the court.  In the

3   order filed October 28, 2003, this court advised plaintiff of the requirements for opposing a

4   motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P.

5   12(b).  Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).  Accordingly, the court turns to the

6   merits of defendants' motion.

7          Attached to defendants' motion as exhibit A is appeal no. CSP-S-00-2292.  In this

8   appeal, filed by plaintiff while at CSP-Solano, plaintiff complained that he had not received his

9   heart medication.  In particular, plaintiff complained that on September 26, 2000, defendant

10  Gaulden  wrote plaintiff a prescription for several medications including Cordarone.  On

11  September 29, 2000, plaintiff had still not received his Cordarone.  Plaintiff instead received the

12  generic brand of this drug called Amiodarone.  Plaintiff withdrew the appeal at the First Level

13  because the issues had been resolved.

14         Appeal no. CSP-00-2292 does not concern plaintiff's claim that on  September

15  28, 2000, defendant Johnson refused to release plaintiff so that he could pick up his heart

16  medication.  Nor does this appeal concern plaintiff's claim that when he picked up his

17  medication, defendant Johnson charged plaintiff with refusing to work.  Accordingly, the court

18  finds that appeal no CSP-00-2292 does not exhaust the claims against defendant Johnson.

19         Attached as exhibit E to defendants' motion is appeal no. CSP-01-2636.  In this

20  appeal, plaintiff complained about a September 18, 2001, incident involving his access to the law

21  library.  This appeal does not concern plaintiff's claims against defendant Johnson.  Accordingly,

22  the court finds that appeal no. CSP-01-2636 does not exhaust the claims against defendant

23  Johnson.

24         The other three appeals submitted by defendants concern events occurring at

25  HDSP.  Accordingly, the court finds that the claims against defendant Johnson are not exhausted

26  and should be dismissed.

1          Attached as exhibit B to defendants' motion is appeal no. HDSP B-02-00321.  In

2 this appeal, plaintiff complained that he did not receive his heart medication upon his arrival at

3 HDSP in January 2002.  Plaintiff stated that on January 2, 2002, Medical Technical Assistant

4 (MTA) Bates told him that he would get his heart medication that evening.  Plaintiff alleged that

5 when MTA Bates stopped by to give him his medication that night, he did not have his heart

6 medication.  Plaintiff gave MTA Bates his heart medication list.  This appeal did not allege that

7 defendant Taylor-Thomas searched plaintiff's property upon his arrival at HDSP and took his

8 medication packet.  This claim against defendant Taylor-Thomas is different from the claim

9 raised in appeal No. HDSP B-02-00321.  Accordingly, the court finds that this appeal did not

10 exhaust the claim against defendant Taylor-Thomas.

11          Attached as exhibit C to defendants' motion is appeal no HDSP 02-00416.  In this

12 appeal, plaintiff generally alleged that he was not receiving proper health care at HDSP.  This

13 appeal did not contain the specific claim made against defendant Taylor-Thomas in plaintiff's

14 complaint.  Accordingly, the court finds that this appeal did not exhaust the claim against

15 defendant Taylor-Thomas.

16          Attached as exhibit D to defendants' motion is appeal no. HDSP 03-656.  This

17 appeal was granted in part on September 17, 2003, at the Director's Level of Review.  However,

18 plaintiff filed this action on July 29, 2002.  Therefore, any claims raised in this appeal were not

19 exhausted prior to plaintiff filing this action.  Accordingly, the court will not consider this appeal

20 in evaluating the administrative exhaustion requirement.  McKinney v. Carey, 311 F.3d 1198 (9th

21 Cir. 2002).

22          For the reasons discussed above, the court finds that the claims against defendant

23 Taylor-Thomas are not exhausted.

24          Accordingly, IT IS HEREBY RECOMMENDED that the motion to dismiss filed

25 June 3, 2005, on behalf of defendants Taylor-Thomas and Johnson be granted.

26 /////

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file written

4  objections with the court and serve a copy on all parties.  Such a document should be captioned

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6  shall be served and filed within ten days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:   10/31/05

10

11                                                    /s/ Gregory G. Hollows

12                                                    _____
                                                     GREGORY G. HOLLOWS
                                                     UNITED STATES MAGISTRATE JUDGE

13

14  ggh:kj
    cai1608.mtd(3)

15

16

17

18

19

20

21

22

23

24

25

26